UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FILED
2010 DEC -9 PM 2: 57
CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

MONA BROOKS, on
behalf of herself, and those
and all similarly situated,

Plaintiff,

vs.                                    Case No.: 6:10-CV-1838-31 DAB

WATSON REAL ESTATE &
MANAGEMENT, INC, WINDMILL POINT
APARTMENTS LLC., PROFESSIONAL
EMPLOYER RESOURCES, INC.

Defendants.
_____/

## COMPLAINT

COMES NOW, Plaintiff, Mona Brooks, on behalf of herself and all others similarly situated, (hereinafter collectively "Plaintiff") by and through their undersigned counsel, and sue the Defendants, Watson Real Estate and Management, Inc, a Florida company, Windmill Point Apartments, LLC., a Florida company, and Professional Employer Resources, Inc., a Florida company (hereinafter collectively called "Defendants") and allege as follows:

## JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the ("FLSA") and other causes of actions to recover unpaid back wages, an additional equal amount as liquidated damages, pre-judgment interest, and reasonable attorney's fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

**PARTIES**

3. At all times material hereto, Plaintiff, Mona Brooks was, and continues to be a resident of Polk County, Florida.

4. At all times material hereto Defendant Watson Real Estate and Management, Inc, was, and continues to be a Florida corporation. Further, at all times material hereto, Defendant Watson Real Estate and Management, Inc, were, and continue to be, engaged in business in Orange County, Florida.

5. At all times material hereto Defendant Windmill Point Apartments, LLC., was, and continues to be a Florida corporation. Further, at all times material hereto, Defendant Windmill Point Apartments, LLC, were, and continue to be, engaged in business in Orange County, Florida.

6. At all times material hereto Defendant Professional Employer Resources, Inc., was, and continues to be a Florida corporation. Further, at all times material hereto, Defendant Professional Employer Resources, Inc., were, and continue to be, engaged in business in Orange County, Florida.

7. At all times material hereto, Defendants were and continues to be, "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

8. At all times material hereto, Plaintiff was "employee" of Defendants within the meaning of FLSA.

9. At all times material hereto, Plaintiff was a covered, non-exempt employee of Defendants within the meaning of the FLSA, 29 U.S.C. §203(e) and (g).

10. At all times material hereto, Defendants were an "employer" within the meaning of FLSA, 29 U.S.C. §203(e) and (g).

11. At all times material hereto, Defendants were, and continue to be, an "enterprise engaged in commerce" within the meaning of FLSA, and as defined by 29 U.S.C. §203(r) and 203(s). Additionally, Plaintiff was engaged in interstate commerce during her employment with Defendants. Based upon information and belief, the annual gross revenue of Defendants, was in excess of $500,000.00 per annum during the relevant time periods.

12. Watson Real Estate and Management, Inc, a Florida company, Windmill Point Apartments, LLC., a Florida company are joint employers since they share employees' services and/or interchange employees; they work in direct interest of each other; and they under common control; they both have the same principal address of 212 Pasadena Place, Orlando, Florida; and Barry Watson is both Watson Real Estate and Management, Inc's, and Windmill Point Apartments, LLC.'s officer/manager.

13. Defendants are joint employers since they share employees' services and/or interchange employees; they work in direct interest of each other; and Plaintiff was under common control of the Defendants.

14. This action is brought under the FLSA to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs. This action is intended to include each and every similarly situated hourly paid employee who worked for Defendants at any time within the past three (3) years within the State of Florida.

15. The additional persons who may become Plaintiffs in this action are employees who held positions similarly situated with Defendants during the relevant time periods but who did not receive proper hourly wages and/or in the alternative did not receive pay at the rate of their hourly for all hours worked/earned and/or who did not receive overtime pay at the rate of one and one-half times their hourly rate for any hours worked over forty (40).

16. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

17. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived. While employed, Plaintiff reported the overtime hours to defendants but was not paid time and a-half for each hour worked over forty in a workweek. She emailed and vocalized numerous complaints about the unpaid overtime wages. On or about May 24, 2010, Plaintiff provided Defendant Watson Real Estate and Management, Inc with written notice of the violations alleged herein regarding their unpaid overtimes, a copy of which has been attached hereto as Exhibit "A".

18. This Court has jurisdiction over Plaintiff claims pursuant to 28 U.S.C. §1337 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq.

19. At all material times relevant to this action, Defendants was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s). Additionally, Plaintiff was engaged in interstate commerce during her employment with Defendants.

20. At all times relevant to this action, Defendants failed to comply with 29 U.S.C. §§201-209 because Plaintiff, and those similarly situated employees, performed services for Defendants for which no provisions were made by Defendant to properly pay Plaintiff

and those similarly situated employees, for those hours in excess of forty (40) within a work week, and to ensure that Plaintiff was paid at the minimum wage for each hour worked within a work week.

21. The Defendants are jointly and severally liable to pay statutorily-required wages to Plaintiff.

## STATEMENT OF FACTS

22. In or around July 2008, Plaintiff, Mona Brooks, was hired by Defendants as a property manager. Plaintiff's duties primarily involved the collecting rent, contacting suppliers and contractors, and managing Defendants' staff.

23. At all material times hereto, Plaintiff worked for Defendant as an hourly employee under the FLSA.

24. At all material times hereto, Plaintiff was a full-time employee who received $15.00 for each hour of work as an employee for Defendants.

25. From July 2008 to October 2009, Plaintiff worked approximately fifty-five to eighty hours per workweek for Defendants.

26. Additionally, at various material times hereto, Plaintiff worked for Defendant but did not receive pay at the rate of at least one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours within workweeks of February 2009 through October 2009.

27. All records concerning the number of hours actually worked by Plaintiff, and others similarly situated, are in the exclusive possession and sole custody and control of the Defendant, and therefore, Plaintiff is unable to state at this time the exact amount due her.

28. Plaintiff, however, will exert her collective diligent efforts to obtain such information by appropriate discovery proceedings, to be taken promptly in this case, and if required, an amendment to this Complaint will be submitted to set forth an amount due by the Plaintiff and others similarly situated.

29. During her employment with Defendant, Plaintiff, and those similarly situated employees, were not paid time and one-half their regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks, were not paid a minimum wage for each hour worked within a work week, were not paid their complete wages, or were unlawfully retaliated against.

30. The additional persons who may become Plaintiff in this action are employees who held positions similarly situated to Plaintiff and who worked in excess of forty (40) hours during one or more work weeks during the relevant time periods but who did not receive pay at one and one-half times their regular rate for their hours worked in excess of forty (40) hours, and did not receive minimum wages.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

31. Plaintiff Mona Brooks reincorporate and readopts all allegations contained within Paragraphs 1-30 above.

32. Plaintiff, and those similarly situated employees, are/were entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week. During their employment with Defendants, Plaintiff, and those similarly situated employees, worked overtime hours but were not paid time and one-half compensation for same.

33. As a result of Defendants intentional, willful and unlawful acts in refusing to pay

Plaintiff, and those similarly situated employees, time and one-half their regular rate of pay for each hour worked-in excess of forty (40) per work week in one or more worker week, Plaintiff, and those similarly situated employees, have suffered damages plus incurring reasonable attorneys' fees and costs.

34. As a result of Defendants' willful violation of the FLSA, Plaintiff, and those similarly situated employees, are entitled to liquidated damages.

35. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, MONA BROOKS, on behalf of herself and those similarly situated, demand judgment against Defendant for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by them for which Defendant did not properly compensate them, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this ___8___ day of December, 2010.

DANIALLE RIGGINS, ESQ.
Florida Bar No. 13909
Riggins Law Firm, P.A.
P.O. Box 830222
Ocala, FL 34483
Telephone: 352.433.2400
Facsimile: 352.351.8054
Email:driggins@rigginslawfirm.com
Attorney for Plaintiff

# Riggins Law Firm, P. A.

May 21, 2010

**PERSONAL AND CONFIDENTIAL-FOR SETTLEMENT PURPOSES ONLY**

Watson Real Estate and Management, INC.
c/o Barry L. Watson
212 Pasadena Place
Orlando, FL. 32803

SENT REGULAR AND CERTIFIED MAIL

    RE: Mona Brooks vs. Watson Real Estate & Management Inc

Dear Mr. Watson:

  Please be advised that I have been retained by Mona Brooks with regard to her employment-related concerns.

  As you know, Ms. Brooks worked diligently for you as the Property Manager. She professionally and vigorously performed her duties. Ms. Brooks has described a set of facts that lead me to conclude that both state and federal labor and employment law violations have taken place:

    1. Fair Labor Standards Act (FLSA): Unpaid Overtime Wages.

  As mentioned previously, Ms. Brooks carried the title of property Manager for Watson Real Estate and Management, Inc., at the end of her employment. She was compensated at the rate of 15.00 per each work hour. She has described her daily primary duties as completing paperwork and communicating with employees and tenants. While Ms. Brooks' job title of "Property Manager" appears that she has a position of authority and independent discretion, she actually did not supervise other Watson Real Estate and Management, Inc., employees and only performed routine office and clerical work. Therefore, she is not subject to the FLSA overtime exemption and is entitled to overtime pay.

  The FLSA does provide exemptions for select employees who are not entitled to overtime wages. It is our impression that Ms. Brooks does not fall into the category. As a result, you have misclassified

---

**Danialle Riggins, Esq.**
Physical Address ~ 421 South Pine Avenue ~ Ocala, Florida
Mailing Address ~PO Box 830222 ~ Ocala, Florida 34483
Phone ~352-433-2400 Fax ~ 352-694-1837
Email ~ DRiggins@Rigginslawfirm.com
www.RigginsLawFirm.com

Exhibit A

MONA BROOKS v. WATSON REAL ESTATE AND MANGEMENT, INC.
PAGE 2

her as exempt since July 2008 to October 2009. The first prong in the test for exemptions looks at the payment of wages and the amount. Ms. Brooks was paid the hourly rate of $15.00 according to hour paycheck stubs. Her primary duties were to collect rent, customer service, place maintenance orders that were approved and make bank deposits. As you know, Ms. Brooks worked from home, using her personal internet and phone services and from the office supplies by her employer.

Based on the information provided to me, from February 2009 through October 2009, Ms. Brooks worked an average of about 55 to 80 hours per week as a property manager. She worked weekdays and weekends. Her hourly rate of pay was $15.00 an hour. Therefore, Ms. Brooks should have been paid $22.50 for each hour worked over forty per workweek. Since you have mistakenly misclassified Ms. Brooks, there are unpaid overtime violations. Based on this information the unpaid wages are as follows: Hourly Pay: $15.00 x 40 hours = $600.00; Average Overtime Pay: $22.50 x 28 per week = $630.00; Overtime not paid for February 2, 2009 thru October 3, 2009 (35 Weeks) = $630.00 x 35 = $22,050.00 **Unpaid Overtime**

It is clear from my discussions with Ms. Brooks that she has been cooperative with you. In a litigation action for unpaid wages, please know that we will seek attorney's fees and cost and any other liquidated damages possible. You should consider the as a demand for:

$44,100(Liquidated) Plus Attorney's Fees and Cost

I am writing the letter to underscore the seriousness with which Ms. Brooks takes the matter. I look forward to hearing from you to discuss the matter further within the next 30 days. I hope the matter can be resolved without resorting to further legal remedies.

Sincerely,

Danialle Riggins, Esq.
Because People Matter...

cc: Mona Brooks

---

**Danialle Riggins, Esq.**
Physical Address ~ 421 South Pine Avenue ~ Ocala, Florida
Mailing Address ~PO Box 830222 ~ Ocala, Florida 34483
Phone ~352-433-2400 Fax ~ 352-694-1837
Email ~ DRiggins@Riggenslawfirm.com
www.RigginsLawFirm.com